UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROY NUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 2:13-cv-129-WTL-WGH |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Roy Nunez for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 12-05-0026. For the reasons explained in this Entry, Nunez's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On May 27, 2012, Correctional Officer A. Davis wrote a conduct report charging Nunez with threatening a staff member, B213. The conduct report stated:

[o]n 5-27-12 at 6:30 pm (sic) I C/O A. Davis was doing an (sic) security check. When I approached cell 906 Offender Nunez, Roy 993519 yelled at me and said "I remember you [D]avis you faggot I got my homies (sic) looking out for you on the outside. Adam Davis that's you ain't (sic) it bitch."

On May 30, 2012, Nunez was notified of the charge and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He requested two witnesses, offenders Locke and Weigle. He also requested that the video be reviewed for physical evidence.

A hearing was conducted on June 5, 2012. A disciplinary hearing officer found Nunez guilty of the charge. In finding Nunez guilty, the hearing officer considered the staff reports and the statement of the offender. Nunez stated that "[he] didn't say anything to me and I didn't say anything to him – his back was to me. I am not the one that had words with him. This officer has an issue with me." Offender Locke provided a written statement asserting that "Officer Davis never even approached offender Nunez's cell on Sunday." Offender Weigle's written statement asserted that "I didn't hear Nunez saying anything to the C/O that night." Weigle further stated that no words were exchanged between Officer Davis and Nunez but that Weigle had requested some toilet paper from Officer Davis and Davis told Weigle "I guess I'll get you on the next round." The hearing officer also viewed the video evidence and provided a summary to Nunez. The summary stated that the video showed Officer Davis entering range 9 at 18:35:31, that he walked down the range from cell 901 to cell 906 and paused in front of the rec door. At 18:35:50 Officer Davis went up the stairs. There was no audio on the video so the hearing officer could not hear what, if anything, was said. The hearing officer concluded that the video supported the

conduct report.

Nunez was sanctioned with a written reprimand, a 1 month loss of commissary privileges, and an earned credit time deprivation of 45 days. These sanctions were imposed because of the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Nunez appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

Nunez asserts the following claims: 1) the evidence was insufficient to find him guilty, and 2) the conduct report was a vindictive act of cruel and unusual punishment.

For his first claim, Nunez argues that the weight of the evidence was in his favor. The other offender statements indicated that Officer Davis did not approach Nunez's cell and that they did not hear Nunez say anything to Officer Davis. Nunez denies saying anything to Officer Davis.

The video substantiated the fact that Officer Davis was walking on Nunez's cell range at the approximate time indicated on the conduct report. The video did not provide audio so nothing could be heard. Even though the offender statements conflicted with the conduct report, this does not mean that Nunez's due process rights were violated. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case

"need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted).

  A rational adjudicator could conclude from the content of the conduct report that Nunez had yelled at Officer Davis and threatened him. This evidence was sufficient to support the finding that Nunez was guilty of the charge. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Nunez's first claim fails.

  Nunez's second claim is that Officer Davis wrote the conduct report because he has a personal vendetta against Nunez because he is Mexican American. Nunez asserts that every time Officer Davis works on Nunez's cell range, Officer Davis writes him up for no reason at all. The respondent has contradicted this statement by reviewing the conduct reports written against Nunez. Of nineteen reports, only two had been written by Officer Davis. In addition, the Seventh Circuit has held that even when an offender alleges that a conduct report was fraudulent, there is no constitutional claim as long as the procedural requirements of *Wolff* and *Hill* are followed. That is the case here. *See McPherson,* 188 F.3d at 787; *see also Lagerstrom v. Kingston,* 463

F.3d 621, 623 (7th Cir. 2006).

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Nunez's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  10/15/2013

Distribution:

Roy Nunez
993519
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana